IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GRETCHEN PATEL,

    Plaintiff,

  v.                                       Civil Action 2:17-cv-78
                                            Judge Michael H. Watson
                                            Magistrate Judge Jolson

AETNA, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

This case is before the Court on Plaintiff's Motion to Remand. (Doc. 12). For the reasons set forth below, the Court **RECOMMENDS** that the Motion to Remand be **DENIED**.

**I. BACKGROUND**

Plaintiff is a State Tested Nursing Assistant ("STNA") licensed in Ohio, who claims that she was improperly denied payment for care she rendered to her mother, Barbara Nagel, as a provider for Defendants, each of which does business as "aetna." (*See* Doc. 7). Although Plaintiff filed this case in the Court of Common Pleas for Franklin County, Ohio, certain Defendants filed a Notice of Removal in this Court pursuant to its diversity and federal question jurisdiction. (*See* Doc. 1). Plaintiff filed a Motion to Remand (Doc. 12), which is now ripe for consideration. (*See* Doc. 17 (Opposition); Doc. 18 (Reply)).

**II. LEGAL STANDARD**

The basis for removing a state court case to federal court "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936); *see also Powell v. Wal-Mart Stores, Inc.*, No. 14-155-HRW, 2015 WL 2063966, at *3 (E.D. Ky. Apr. 30, 2015) (noting that "jurisdiction is determined at the

time of removal"). Thus, the Court may not consider defenses in deciding if a case may be removed. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003). Because removing a case interferes with the state court's jurisdiction, removal statutes are construed narrowly. *See Long v. Bando Mfg. Co. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (stating "removal statutes are to be narrowly construed" because "they implicate federalism concerns").

## III. DISCUSSION

Plaintiff's claims are for unjust enrichment (Count I), declaratory judgment (Count II), further relief under Ohio Revised Code § 2721.09 (Count III), further relief in equity (Count IV), and bad faith with damages (Count V). This Court examines whether it has diversity jurisdiction or federal question jurisdiction over this case.

### A. Diversity Jurisdiction

The requirements for federal jurisdiction based on diversity of citizenship are set forth in 28 U.S.C. § 1332(a). Diversity is satisfied if no plaintiff and no defendant are citizens of the same state, and the amount in controversy is $75,000 or greater. *See 3LI Consultant Grp. v. Catholic Health Partners*, No. 1:15-cv-455, 2016 WL 246202, at *1 (S.D. Ohio Jan. 21, 2016). Whether Plaintiff will prevail on her claims is irrelevant for the purposes of determining the amount in controversy. *See Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 763 (E.D. Mich. 1990). It is sufficient if a fair reading of the Complaint demonstrates that, if Plaintiff is successful, it is more likely than not that her damages will exceed the required amount. *Id*.

#### 1. Complete Diversity

According to the briefs, the issue of whether complete diversity exists concerns only Defendant Aetna Better Health, Inc. ("ABH"). The removing Defendants acknowledge that both

Plaintiff and ABH are citizens of Ohio, but they argue that ABH must be ignored for diversity purposes because it "was fraudulently and improperly joined for purposes of attempting to defeat federal diversity jurisdiction." (Doc. 17 at 1, 3).

When fraudulent joinder is alleged, the Court may "pierce the pleadings" to consider "summary-judgment-type evidence," which it evaluates in a manner "akin to that of a Rule 12(b)(6) motion to dismiss," but "is arguably even more deferential." *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 954 (6th Cir. 2011). Construing any contested issues of fact in Plaintiff's favor, the Court must determine if the removing Defendants have satisfied their burden of demonstrating that Plaintiff has no colorable cause of action against ABH. *Id*. at 951. Stated differently, the Court must determine if the removing Defendants have demonstrated that there is no reasonable basis "for predicting that the state law might impose liability" on ABH under the relevant facts. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)).

In the Motion to Remand, Plaintiff asserts that "aetna" does "business in Ohio through ABH." (Doc. 12 at 9). Additionally, Plaintiff asserts that "Defendants' failure to comply with Ohio Revised Code § 1329.01 and Defendants' judicial admission that 'aetna' is a fictional 'non-jural' entity . . . *creates* an issue of fact rather than conclusively establishing such a fact." (Doc. 18 at 5 (emphasis in original)). Plaintiff asserts that her claim for declaratory relief seeks a determination if "aetna" and ABH "are one in the same doing business in Ohio. . . ." (*Id*.). Thus, Plaintiff claims that whether ABH is a party in interest to the state law claims is a factual question for the state court and not a jurisdictional question to be resolved here.

This Court disagrees. At base, Plaintiff's claims concern an alleged improper denial of compensation for services she provided to her mother and the subsequent termination of those

services. She omits any facts that connect ABH to those claims, alleging generally that ABH may have conducted business in Ohio under a fictitious name. However, Defendants provide evidence that Plaintiff has no colorable claim against ABH concerning the alleged denial of compensation or termination of her services because ABH is a Medicaid HMO with no connection to Plaintiff, her mother, or the Medicare plan that provides coverage to her mother. (*See* Doc. 1-4 (declaration of Michael C. McNamara) and Doc. 1-5 (ABH's Articles of Incorporation)).

Plaintiff claims otherwise, insisting on a dispute of fact arising from ABH being a "non-jural" entity—an entity that cannot sue or be sued. *See, e.g.*, *Picone v. United States Marshal Service*, No. 4:15-cv-2033, 2016 WL 5118303, at *3 (N.D. Ohio Sept. 21, 2016). Although Plaintiff complains of ABH's alleged violation of Ohio Revised Code § 1329.01, that provision merely provides definitions of "trade name," "fictitious name," and "person," and explains the procedure for registering a trade name and reporting the use of a fictitious name. It does not create a private right of action. *See* O.R.C. § 1329.01. Accordingly, Plaintiff's general allegation concerning a "failure to comply with Ohio law" arising from a failure to register tradenames or fictitious names does not demonstrate that she has a colorable cause of action against ABH. (Doc. 18 at 5).

Based on the evidence provided by Defendants, there is no reasonable basis to predict that the state law might impose liability on ABH. *See, e.g.*, *Jones v. Woodmen Acc. & Life Co.*, 112 F. Supp. 2d 676, 679 (N.D. Ohio Aug. 3, 2000) (finding fraudulent joinder where defendant had no personal involvement in the events giving rise to the complaint).

Thus, ABH was fraudulently joined, and it must be ignored for diversity purposes. *Latimore v. State Farm Fire & Cas. Co.*, No. 1:11CV272, 2011 WL 2669366, at *3 (N.D. Ohio July 7, 2011). Consequently, complete diversity exists.

2. **Amount In Controversy**

The amount in controversy required for diversity jurisdiction—$75,000 or greater—generally does not include interest, costs, or attorney's fees. *See* 28 U.S.C. § 1332(a); *see, e.g.*, *Torres v. State Farm Mut. Auto. Ins. Co.*, 478 F. Supp. 2d 924, 927–28 (E.D. Mich. Mar. 14, 2007). However, punitive damages may be included in the calculation. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). More specifically, unless it is a "legal certainty" that punitive damages cannot be recovered, the Court must consider such damages when examining the jurisdictional amount. *Id.* (*citing Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)). Defendants bear the burden of proving they have satisfied the amount-in-controversy requirement by a preponderance of the evidence. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

Plaintiff argues that remand is warranted because her claim at the time of removal was for $25,000, which is below the $75,000 required for removal based on diversity jurisdiction. (Doc. 12 at 9). However, Plaintiff seeks in excess of $25,000 in Count I; in excess of $25,000 and an "award of punitive and exemplary damages in the amount equal to at least three (3) but no greater than (10) times the amount of compensatory damages" for bad faith in Count III, or Count IV alternatively; and in excess of $25,000 and an award of "exemplary punitive damages in at least three (3) times but not greater than (10) times the amount of compensatory damages" on Count V. (Doc. 7 at 12–14). Thus, the amount in controversy is satisfied based on the plain language of the Complaint. (*See id.*).

Based on the foregoing, the Court finds that complete diversity exists and the amount in controversy is satisfied; thus, diversity jurisdiction exists. Having found that it has jurisdiction over the instant dispute, the Court need not consider the parties' arguments concerning federal question jurisdiction.

## IV. RECOMMENDED DISPOSITION

Based upon this Court's findings that complete diversity exists and the amount in controversy is satisfied, the Court **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED**. (Doc. 12).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date: May 23, 2017                                                   /s/ Kimberly A. Jolson
                                                                               KIMBERLY A. JOLSON
                                                                               UNITED STATES MAGISTRATE JUDGE