UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gretchen Patel,

    Plaintiff,

    v.                                  Case No. 2:17-cv-78

Aetna, *et al.*,                     Judge Michael H. Watson

    Defendants.               Magistrate Judge Jolson

## OPINION AND ORDER

Gretchen Patel ("Plaintiff") filed this suit in the Franklin County Court of Common Pleas against "aetna" as well as Aetna Insurance Company, Aetna Life Insurance Company, Aetna Better Health Inc. ("ABH"), Aetna Health Inc., Aetna Network Service LLC, Aetna Corp., and Aetna, Inc., some or all of which Plaintiff contends did business in the State of Ohio as "aetna." See Compl., ECF No. 7.

Briefly, Plaintiff alleges in the Complaint that she is an Ohio-licensed State Tested Nursing Assistant who provided care to her mother, Barbara Nagel. She alleges that Ms. Nagel's health insurance is provided by "Defendants doing business as 'aetna,'" Compl. ¶ 5, ECF No. 7, and that Plaintiff became a provider with "Defendants doing business as 'aetna.'" *Id.* at ¶ 4. Plaintiff further alleges that for two years, she was paid "by or on behalf of the Defendants doing business as 'aetna' in the state of Ohio" for the services Plaintiff rendered to her mother. *Id.* at ¶ 6. Beginning in 2016, she alleges, however, "Defendants doing business as 'aetna' in the state of Ohio" improperly ceased paying Plaintiff for the

services she provided to her mother and eventually demanded that Plaintiff reimburse "Defendants doing business as 'aetna' in the state of Ohio" for its perceived overpayment to her. *Id.* at ¶¶ 10, 20.

ABH is the only non-diverse Defendant named in the Complaint. Defendants Aetna Life Insurance Company, Aetna Health Inc., Aetna Network Service LLC, and Aetna Inc.[1] removed the case to this Court on the basis of federal question jurisdiction and diversity jurisdiction, arguing that ABH was fraudulently joined to defeat federal jurisdiction. Plaintiff moves to remand the case to state court, arguing there is neither complete diversity nor a federal question in this case.

Magistrate Judge Jolson issued a Report and Recommendation ("R&R") on Plaintiff's motion to remand. R&R, ECF No. 22. Magistrate Judge Jolson recommends finding that ABH was fraudulently joined and that the Complaint alleges more than $75,000 in damages; she therefore recommends the Court deny Plaintiff's motion to remand because complete diversity jurisdiction exists in this case. *Id.*

Magistrate Judge Jolson issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine de novo any

---

[1] Defendants state that "Aetna," "Aetna Insurance Company," and "Aetna Corp." are not legal entities. Defendants attach the declaration of Michael C. McNamara in support of that assertion. McNamara Decl. ¶ 3, ECF No. 1-4. As non-jural entities, Aetna, Aetna Insurance Company, and Aetna Corp. are disregarded for diversity purposes. *See Dimora v. Ne. Ohio Corr. Ctr.*, No. 4:14CV1221, 2015 WL 1119768, at *3 (N.D. Ohio Mar. 11, 2015).

part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

Plaintiff objects that Magistrate Judge Jolson improperly placed the burden on Plaintiff to prove that ABH was not fraudulently joined. She also contends that Magistrate Judge Jolson misapplied the standard for piercing the pleadings and considering evidence in connection with an allegation of fraudulent joinder. Accordingly, the Court considers de novo those portions of the R&R.

As an initial matter, it is axiomatic that "[f]ederal courts are courts of limited jurisdiction." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011) (internal quotation marks and citation omitted). A defendant may remove an action to federal court if the federal court would have had original jurisdiction over the action had it been filed there. 28 U.S.C. § 1441(a). Courts construe the removal statute narrowly, and doubts are typically resolved in favor of remand. *Hardy v. Square D. Co.*, 199 F. Supp. 2d 676, 678 (N.D. Ohio 2002) (internal citation omitted). Additionally, "[t]he existence of subject matter jurisdiction is based upon the complaint at the time of removal." *Franklin v. CitiMortgage, Inc.*, No. 1:11–cv–608, 2012 WL 10192, at *2 (S.D. Ohio Jan. 3, 2012) (citation omitted).

As diversity of citizenship under 28 U.S.C. § 1332 confers original federal jurisdiction, a state action may be removed to federal court if the § 1332

Case No. 2:17-cv-78                                                                                    Page 3 of 8

requirements were met at the time of removal. See 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a). Section 1332 requires that no plaintiff and no defendant be citizens of the same state, and the amount in controversy be $75,000 or greater.

The citizenship of any defendant who was fraudulently joined, however, is disregarded for diversity purposes. See *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012) (internal quotation marks and citation omitted). "A defendant is fraudulently joined if it is clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . [.]" *Id.* at 432–33 (internal quotation marks and citation omitted). "The relevant inquiry is whether there is 'a colorable basis for predicting that a plaintiff may recover against [a defendant].'" *Id.* at 433 (quoting *Coyne*, 183 F.3d at 493). The burden of establishing fraudulent joinder lies with the removing party. *Id.* (citation omitted).

In deciding a motion to remand (including determining whether a party was fraudulently joined), the Court applies a standard of review that is similar to—but arguably more deferential than—the Rule 12(b)(6) motion to dismiss standard. *Casias*, 695 F.3d at 433 (citing *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 954 (6th Cir. 2011)). "As appropriate, [the Court] may 'pierce the pleadings' and consider summary judgment evidence," *id.*, but the Court must evaluate that evidence to determine whether a colorable claim exists against the non-diverse

party using the deferential standard. *Walker*, 443 F. App'x at 954. The Court should construe contested issues of fact in Plaintiff's favor. *Walker*, 443 F. App'x at 954.

The Court turns first to Plaintiff's objection that Magistrate Judge Jolson improperly placed the burden on Plaintiff to demonstrate that ABH was not fraudulently joined. This objection is without merit. Magistrate Judge Jolson correctly stated it was Defendants' "burden of demonstrating that Plaintiff has no colorable cause of action against ABH." R&R 3, ECF No. 22. After noting that the Complaint itself contains no factual allegations connecting ABH to Plaintiff's claims, Magistrate Judge Jolson discussed the evidence Defendants offered to satisfy their burden and ultimately concluded that "based on the evidence provided by Defendants, there is no reasonable basis to predict that the state law might impose liability on ABH." *Id.* at 4. Magistrate Judge Jolson did not improperly shift the burden in this case.

Second, it was not improper for Magistrate Judge Jolson to pierce the pleadings and consider summary-judgment-type evidence when determining whether ABH was fraudulently joined. Magistrate Judge Jolson did not, as Plaintiff implies, use the evidence to analyze the strength of Plaintiff's claim against ABH. The evidence went solely to whether ABH had any connection with this case <u>at all</u> such that Plaintiff could have a colorable claim against ABH. It was proper to consider the evidence offered by Defendants for that purpose, and *Walker*, 443 F. App'x at 953, does not suggest otherwise. Plaintiff's allegations

concerning ABH doing business as "aetna" (or the converse) do not create a contested fact as to ABH's actual involvement in this case.

On de novo review, the Court agrees that ABH was fraudulently joined because Plaintiff has no colorable claim against ABH for payment for the services Plaintiff rendered to Ms. Nagel. Defendants have offered evidence establishing as a factual matter that: (1) Aetna Life Insurance Company is the Defendant who offered and administers the Aetna Medicare Advantage Plan that covers Ms. Nagel and under which Plaintiff sought payment for services, McNamara Decl. ¶¶ 9–10, ECF No. 1-4; (2) none of the other Defendants (including ABH) provide or administer the plan covering Ms. Nagel, *Id.* ¶ 11; (3) none of the other Defendants (including ABH) have otherwise agreed to provide Medicare benefits to Ms. Nagel or for Plaintiff to provide services to Ms. Nagel, *Id.*; and (4) ABH is organized for the purposes of establishing, operating, and maintaining a *Medicaid* health maintenance organization ("HMO") in Ohio. Articles of Incorporation, ECF No. 1-5, PAGEID # 120. Moreover, Defendants point to Plaintiff's own Complaint, which includes as exhibits copies of various letters and forms submitted by Plaintiff or her then-attorneys in pursuit of the payments at issue. Those exhibits show that Plaintiff sought payment from Aetna Life Insurance Company or "Aetna Insurance Company" and never sought payment from ABH. *See* Compl. Exs. 6, 12, 13. 14, 16, ECF No. 1-7. In short, Defendants have offered evidence that ABH has no connection to Plaintiff's claims for payment in this case.

In response, Plaintiff has offered no evidence linking ABH to the claims in this case. Rather, Plaintiff alleged and continues to argue that some or all of the named Defendants (including ABH) do business in Ohio as "aetna,"[2] that one of the Defendants doing business as "aetna" is responsible for the payments Plaintiff seeks, and that ABH might therefore be the Defendant doing business as "aetna" that is responsible for the payment she seeks. Such allegations and speculation are alone insufficient to raise a factual issue as to whether ABH (doing business as "aetna" or otherwise) is connected to Plaintiff's claims for payment in light of Defendants' contrary evidence. In other words, Plaintiff's continued assertion that ABH may do business as "aetna" does not rebut the evidence that ABH (regardless of what name it does business as) has no connection to this case, and it is therefore irrelevant whether ABH does business as "aetna."

Considering the evidence, there is no dispute that ABH has no connection to Plaintiff's claims in this case. For that reason, Plaintiff has no colorable claim against ABH, Defendants have met their burden in showing that ABH was fraudulently joined, and ABH must be disregarded for diversity purposes.[3]

---

[2] Compl. ¶ 3, ECF No. 7. Plaintiff also at times argues in briefing that "aetna" might do business in Ohio through ABH. This allegation likewise raises no issue of fact as to whether ABH (or "aetna" doing business through *ABH*) had any involvement in the payment of Plaintiff for the services Plaintiff rendered to her mother.

[3] Plaintiff's arguments concerning her requests for declaratory relief and the Defendants' inability to pursue certain counterclaims in state court have no bearing on her articulated objections that Magistrate Judge Jolson placed the burden on the wrong party and improperly considered evidence outside of the pleadings. Moreover, they fail to show that ABH has any connection to this case.

Plaintiff's objections are **OVERRULED**, the R&R is **ADOPTED**, Plaintiff's motion to remand, ECF No. 12, is **DENIED**, and ABH is **DISMISSED** from this case. Plaintiff is **ORDERED** to file a redacted version of ECF No. 1-7 by **Monday, July 10, 2017**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**