# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION



Gretchen Patel,

    **Plaintiff,**

v.

Aetna, *et al.*,

    **Defendants.**

Case No. 2:17-cv-78

Judge Michael H. Watson
Magistrate Judge Jolson

## OPINION AND ORDER

Gretchen Patel ("Plaintiff") sues a host of entities to recover payment for home health services that she rendered to her mother. Aetna Life Insurance Company ("ALIC") at one point had a counterclaim against Plaintiff, and Plaintiff had filed a "counterclaim to the counterclaim." Plaintiff and Defendants move for summary judgment—Plaintiff moves for summary judgment on ALIC's counterclaim, and ALIC moves for summary judgment on Plaintiff's claims and its counterclaim. For the following reasons, the Court **DENIES** Plaintiff's motion and **GRANTS IN PART AND DENIES IN PART** Defendants' motion.

### I. FACTS

Plaintiff is a State Tested Nursing Assistant ("STNA"), licensed by the State of Ohio.

Defendants are: aetna, Aetna Insurance Company, ALIC, Aetna Better Health Inc., Aetna Health Inc., Aetna Network Service LLC, Aetna Corp., and

Aetna, Inc. ("Defendants").[1] Plaintiff alleges that Defendants "jointly and severally, or some of them, are believed to have done business as 'Aetna' or 'aetna' in the state of Ohio." Compl. 3, ECF No. 7.

Plaintiff became a registered provider with Defendants and obtained a provider number. Plaintiff then began providing home health services to her mother ("Mother"), who was insured by ALIC. For over two years, Plaintiff provided services for Mother and was paid in excess of $200,000 by ALIC. In 2016, however, ALIC ceased paying Plaintiff's invoices and eventually made a demand to Plaintiff for recovery of past payments.

## II. STANDARD OF REVIEW

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a), which provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Court must grant summary judgment if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.

---

[1] Defendants respond that aetna, Aetna Insurance Company, and Aetna Corp. are not legal entities. Answer, ECF No. 14. They also argue that no Defendant except for ALIC has a connection to the insurance plan at issue in this case. Mot. Summ. J. at 12 n. 15, ECF No. 37. The Court nonetheless refers to "Defendants" where appropriate throughout this Opinion and Order as none of the Defendants have yet been terminated.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Van Gorder v. Grand Trunk Western R.R., Inc.,* 509 F.3d 265 (6th Cir. 2007).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing there is a genuine dispute of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Matsushita Elec. Indus. Co.*, 475 U.S. 574, 587 (1986); *Pittman v. Cuyahoga Cty. Dep't of Children and Family Serv.*, 640 F.3d 716, 723 (6th Cir. 2011). The Court disregards all evidence favorable to the moving party that the jury would not be required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009).

### III. ANALYSIS

Plaintiff sues for unjust enrichment and a declaratory judgment that, *inter alia*, Defendants acted in bad faith. Defendants move for summary judgment on all of Plaintiff's claims. In addition, Defendants and Plaintiff both move for summary judgment on ALIC's counterclaims.

As an initial matter, the Court **DENIES** both parties' motions with respect to ALIC's counterclaims. Defendants filed an Answer on February 31, 2017, that

included ALIC's counterclaims. Answer, ECF No. 11. In March 2017, Defendants filed an Amended Answer, ECF No. 14, which did not include any counterclaims. Accordingly, it appears there are no counterclaims pending in this case and that Plaintiff's and Defendants' motions for summary judgment on the same are moot.[2] To the extent Defendants can provide legal support for the proposition that ALIC's counterclaims remained pending after the Amended Answer was filed, they may do so via a motion for relief from judgment per Federal Rule of Civil Procedure 60(b)(6). Any such motion shall be filed within **THIRTY DAYS** of the date of this Opinion and Order.

The Court now turns to Plaintiff's claims.

### 1. There Is No Genuine Dispute of Material Fact as to Whether Plaintiff is Entitled to Payment for Services Rendered to Mother.

The dispute in this case centers on payment for the services Plaintiff provided for Mother.

It is undisputed that Mother's insurance plan was insured and administered by ALIC and was a Medicare Advantage Preferred Provider Organization Plan ("MA PPO Plan"). Dziedzic Decl. ¶ 4, ECF No. 37-2; *id.* Ex. B at PAGEID # 937, C at PAGEID # 955, D at PAGEID # 971. Medicare Advantage plans are governed by Medicare Part C, 42 U.S.C. § 1395w-21, *et seq*, and its regulations.

---

[2] Plaintiff's purported "counterclaim to the counterclaim" is disregarded as it was filed in response to a non-operative pleading, ECF No. 11. The operative pleading at the time of Plaintiff's filing was ECF No. 14. Defendants' Answer to Plaintiff's counterclaim to the counterclaim, ECF No. 19, was likewise improvidently filed.

Plaintiff had no contract with ALIC or any Defendant. Dziedzic Decl. ¶ 13, ECF No. 37-2. As such, she was an out-of-network provider. Under the MA PPO Plan, the services rendered by an out-of-network provider who is not a "provider of services" as defined under 42 U.S.C. § 1395x(u) are reimbursable only to the extent those services would be reimbursable under Medicare.[3] 2014, 2015, & 2016 Evidence of Coverage, Exs. B, C, D to Dziedzic Decl., ECF No. 37-4 at PAGEID # 940, ECF No. 37-5, at PAGEID # 957; ECF No. 37-6 at PAGEID # 973; see also 42 C.F.R. 422.214(a)(1)–(2); *Ohio State Chiropractic Ass'n v. Humana Health Plan Inc.*, 647 F. App'x 619, 620 (6th Cir. 2016) ("Non-contract providers, in turn, 'must accept as payment in full, the amounts that the[y] could collect if the beneficiary were enrolled in [Parts A and B]." (citing 42 C.F.R. § 422.214(a)(1)). Plaintiff is undeniably not a provider of services as defined in that section. See 42 U.S.C. §1395x(u); Patel Dep. 46:22–57:19, ECF No. 37-1. Thus, as an out-of-network provider, Plaintiff was limited to those amounts that she could collect if Mother was enrolled in original Medicare. 2014, 2015, & 2016 Evidence of Coverage, Exs. B, C, D to Dziedzic Decl., ECF No. 37-4 at PAGEID # 940, ECF No. 37-5, at PAGEID # 957; ECF No. 37-6 at PAGEID # 973; see also 42 C.F.R. 422.214(a)(1)–(2); *Ohio State Chiropractic Ass'n*, 647 F. App'x at 620 (citing 42 C.F.R. § 422.214(a)(1)).

---

[3] It appears there may be an exception under the MA PPO Plan for emergency care, 2014 Evidence of Coverage, 2015 Evidence of Coverage, Exs. B, C to Dziedzic Decl., ECF Nos. 37-4, 37-5, but that is not at issue in this case.

Original Medicare expressly excludes payment for any services "where such expenses constitute charges imposed by immediate relatives of such individual or members of his household[.]" 42 U.S.C. § 1395y(a)(11); 42 C.F.R. § 411.12(a). "Immediate relatives" include natural or adoptive children, such as Plaintiff. 42 C.F.R. § 411.12(b). "Member of the household" means "any person sharing a common abode as part of a single family unit, including domestic employees and others who live together as part of a family unit, but not including a mere roomer or boarder." *Id.* As the Medicare Benefit Policy Manual explains, "[t]his exclusion applies to items and services rendered by providers to immediate relatives of the owner(s) of the provider." Medicare Benefit Policy Manual, Dziedzic Ex. 4, ECF No. 37-7 at PAGEID # 987; 42 C.F.R. § 411.12 (stating that the exclusion applies to "[c]harges imposed by an individually owned provider or supplier if the owner has an excluded relationship to the beneficiary.").

Moreover, the MA PPO Plan itself expressly excludes "[f]ees charged by your immediate relatives or members of your household." 2014, 2015, & 2016 Evidence of Coverage, Exs. B, C, D to Dziedzic Decl., ECF No. 37-4 at PAGEID # 942, ECF No. 37-5 at PAGEID # 959, ECF No. 37-6 at PAGEID # 977. Further, the MA PPO Plan states that, "[p]rior to receiving home health services, a doctor must certify that you need home health services and will order home health services to be provided by a home health agency." 2014, 2015, & 2016 Evidence of Coverage, Exs. B, C, D to Dziedzic Decl., ECF No. 37-4 at PAGEID

# 948, ECF No. 37-5 at PAGEID # 965, ECF No. 37-6 at PAGEID # 982. The MA PPO Plan also expressly states that an out-of-network provider "must be eligible to participate in Medicare" in order to be paid for anything other than emergency care. 2014, 2015, & 2016 Evidence of Coverage, Exs. B, C, D to Dziedzic Decl., ECF No. 37-4 at PAGEID # 940, ECF No. 37-5 at PAGEID # 957, ECF No. 37-6 at PAGEID # 973.

It is undisputed that Plaintiff is the daughter of Mother and lived with Mother during at least some of the time for which she seeks payment. Patel Dep. 41:3–8, 147:19–148:18, 160:24–161:8, ECF No. 37-1. It is also undisputed that Plaintiff was never certified to participate in Medicare. *Id.* at 99:13–23. For those three reasons alone, Plaintiff was not entitled under either Medicare or the plain language of the MA PPO Plan to payment for her services.

Additionally, the services for which Plaintiff seeks payment are home health services. Dziedzic Decl. ¶ 15, ECF No. 37-2. Under Medicare, payment for such services may only be made to providers eligible under Medicare and only after certain requirements, including certification requirements, are met. 42 U.S.C. § 1395f(a)(2)(C). Federal regulations governing payment for home health services are found at 42 C.F.R. § 409.1 *et seq.* "In order for home health services to qualify for payment under the Medicare program . . . ," *inter alia*, the services must be furnished "by, or under arrangements with, an HHA"[4] that

---

[4] HHA stands for Home Health Agency.

meets certain conditions of participation and has in effect a Medicare provider agreement, and the physician certification and recertification requirements for home health services set forth in 42 C.F.R. § 424.22 must be met. 42 C.F.R. § 409.41. The certification and recertification requirements in § 424.22, in turn, require a signed, dated physician certification (and recertification every sixty days) that, *inter alia*, "a plan for furnishing the services has been established and will be or was periodically reviewed by a physician . . . ." 42 C.F.R. § 424.22. Any verbal orders must be reduced to a dated writing that is signed by both the nurse or therapist providing the services and the physician ordering the services. 42 C.F.R. § 409.43. Similarly, the MA PPO Plan required doctor certification of the home health services to be performed by a home health agency in order for those services to be covered. 2014, 2015, & 2016 Evidence of Coverage, Exs. B, C, D to Dziedzic Decl., ECF No. 37-4 at PAGEID # 948, ECF No. 37-5 at PAGEID # 965, ECF No. 37-6 at PAGEID # 982.

The evidence shows that although Mother's doctors ordered home health services at least once by *different* providers, there is no evidence that Plaintiff was an eligible Medicare provider, was an HHA, provided services under arrangements with an HHA, that the certification requirements for the payment for home health services by Plaintiff were met, or that any verbal orders given to Plaintiff to provide home health services were reduced to writing per the requirement for payment to HHAs for verbal orders. *See* Patel Dep. 49:14–51:14, 53:8–12, 56:11–57:19, 60:19–61:62:20, 65:4–12, 169:7–17, 222:17–

224:6, 230:13–20, 253:16–254:18, ECF No. 37-1. These provide additional reasons why Plaintiff is unequivocally not entitled to payment for the services rendered to Mother under either Medicare or the MA PPO Plan.

In sum, no reasonable juror could find that Plaintiff was entitled to payment for the services she provided.

### 2. Defendant is Entitled to Summary Judgment on Plaintiff's Claims.

#### a. Unjust Enrichment

"In order to prove unjust enrichment, a plaintiff must establish a benefit conferred by the plaintiff upon a defendant, the defendant's knowledge of the benefit, and the defendant's retention of the benefit under circumstances where it would be unjust to do so without payment." *Delphi*, 418 F. App'x at 384 (quoting *Cantwell Mach. Co. v. Chicago Mach. Co.*, 184 Ohio App. 3d 287, 290 (10th Dist. 2009)).

Plaintiff's unjust enrichment claim fails because there is no evidence that Plaintiff conferred a benefit on Defendants. Rather, her services were provided to Mother, and that would not confer a benefit on Defendants. *See, e.g., Travelers Indemn. Co. of Conn. v. Losco Grp., Inc.*, 150 F. Supp. 2d 556 (562–53) (S.D.N.Y. 2001) ("It is counterintuitive to say that services provided to an insured are also provided to its insurer. The insurance company derives no benefit from those services; indeed, what the insurer gets is a ripened obligation to pay money to the insured—which hardly can be called a benefit.").

Even if Plaintiff conferred a benefit on Defendants, it would not be unjust to permit Defendants to retain that benefit when she is not entitled to recovery under either the MA PPO Plan or Medicare laws and regulations.

### b. Declaratory Judgment (Counts II, III, IV)

Plaintiff's requests for declaratory relief are confusing, at best, but she has not shown a genuine dispute of material fact exists that could warrant any of the declarations she seeks. Specifically, with respect to what appears to be a bad faith claim[5] contained in Plaintiff's request for declaratory relief, Defendants are entitled to summary judgment.

"[A]n insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." *Zoppo v. Homestead Ins. Co.*, 71 Ohio St. 3d 552, 554 (Ohio 2004) (internal quotation and citation omitted).

Plaintiff is not Defendants' insured. As such, her claim fails. *The William Powell Co. v. Nat'l Indemnity Co.*, 141 F. Supp. 3d 773, 782 (S.D. Ohio 2015) ("Ohio courts . . . have specifically noted that a bad faith claim arises out of the contractual relationship between the insurer and the insured and have consistently rejected bad faith claims where the parties are not in privity with each other." (citations omitted)). Even if she was, and a bad faith claim was

---

[5] Plaintiff's Count V is nothing more than an allegation concerning the amount of damages she allegedly incurred as a result of Defendants' purported bad faith. As such, it does not set forth a cause of action and is **DISMISSED.**

therefore possible, the Court's conclusion above that no genuine dispute of material fact exists as to Plaintiff's entitlement to compensation means that no reasonable juror could find that Defendants acted in bad faith.

## IV. CONCLUSION

Defendants' motion for summary judgment on Plaintiff's claims is **GRANTED**. Because the Court finds that ALIC dropped its counterclaims by filing the Amended Answer, the Court **DENIES AS MOOT** Plaintiff's and Defendants' motion for summary judgment on those claims as well as Defendants' motion for summary judgment on the improvidently filed "counterclaim to the counterclaim." The Clerk shall enter judgment in favor of Defendants and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**